IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH RICHARD TURNER, JR.,                                     PLAINTIFF,

VS.                                         CIVIL ACTION NO. 3:05CV11-P-A

MANDALAY RESORT, INC.,
GOLD STRIKE CASINO RESORT,
WES CULLER, AND GEORGE REPP,                              DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon Defendants' Motion to Dismiss [23-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff, acting *pro se*, filed a suit styled *Joseph R. Turner, Jr. v. Gold Strike Casino* (Turner I), Cause Number 2:03CV355-P-A on December 8, 2003. In Turner I, the plaintiff sought punitive damages for the alleged violation of the Americans With Disabilities Act of 1990. On July 14, 2005, the court entered a Final Judgment in which the undersigned adopted and incorporated therein the Report and Recommendation of the U.S. Magistrate Judge that Gold Strike Casino's motion for summary judgment be granted and that the suit be dismissed with prejudice. The primary reason for Final Judgment was that the plaintiff provided insufficient evidence to create a genuine issue of material fact as to whether he was a "qualified individual with a disability" with regard to establishing a *prima facie* case under the ADA.

On January 24, 2005, the plaintiff acting *pro se* filed another action styled *Joseph R. Turner, Jr. v. Mandalay Resort, Inc., Goldstrike Casino Resort, Wess Culler, and George Repp* (Turner II),

1

Cause Number 3:05CV11-P-A. This time, the plaintiff seeks punitive damages for violation of Title VII, 42 U.S.C. § 2000e *et seq.* alleging that the defendants unlawfully retaliated against him by terminating him for filing suit under the ADA.[1]

The defendants have moved for dismissal under Fed. R. Civ. P. 12(b)(6) arguing that the doctrine of *res judicata* bars the plaintiff's current suit given that this court has already denied his ADA claim with prejudice in Turner I. Having considered the defendants' arguments, the court agrees and adopts and incorporates their argument herein.

Although the plaintiff cited several cases from different state jurisdictions regarding *res judicata*, "[f]ederal law determines the res judicata effect of a prior federal court judgment." *Russell v. Sunamerica, Secs., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992). Furthermore, since this case was filed in the United States Court for Northern District of Mississippi, the only mandatory authorities regarding this case are those of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit.

"Application of the doctrine [of *res judicata*] is proper only if the following four requirements are met: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Eubanks v. FDIC,* , 977 F.2d 166, 169 (5th Cir. 1992).

With regard to the first element, "strict identity of parties is not necessary. A non-party

---

[1] Curiously, the plaintiff was terminated in September 2003 – well before he filed Turner I on December 8, 2003. This creates the conundrum of how the defendants could have unlawfully retaliated against the plaintiff for filing Turner I when the plaintiff was already terminated for not returning from medical leave before he filed his first lawsuit.

2

defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Russell*, 962 F.2d at 1173. In Turner I, the plaintiff named Gold Strike Casino as defendant. In Turner II, the plaintiff named Mandalay Resort, Inc., Gold Strike Casino Resort, Wess Culler and George Repp. It is undisputed that (1) Circus Circus Mississippi, Inc. does business in Mississippi as Gold Strike Casino Resort; (2) Circus Circus Mississippi, Inc. is a wholly-owned subsidiary of Mandalay Resort, Inc.; and (3) Wess Culler and George Repp are employees of Circus Circus Mississippi, Inc. "[P]arties which are sufficiently related to merit the application of claim preclusion [also known as *res judicata*] are in privity." *Russell*, 962 F.2d at 1174. The court concludes that there is clear privity among the defendants in the current action – especially since the same nucleus of facts are involved in both cases. In any event, Wess Culler and George Repp as employees of Circus Circus Mississippi, Inc., doing business as Gold Strike Casino Resort, cannot be held liable individually under Title VII.

The second element is met because this is the very court that issued the final judgment in Turner I.

The third element is met because this court entered Final Judgment on the merits plaintiff's claims in Turner I.

With regard to the final element, that "the same cause of action must be involved in both cases," the court concludes that although Turner I asserted a claim under the ADA and Turner II asserts a claim under Title VII, the nucleus of facts among both cases are identical.

"Res judicata, or claim preclusion, 'bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those

3

that were adjudicated.'" *Ocean Drilling & Exploration Co. v. Mont Boat Rental Services, Inc.*, 799 F.2d 213, 216 (5th Cir. 1986) (emphasis in original; citation omitted). In other words, when a plaintiff sues someone for given actions or inactions, he gets only one chance to advance all of applicable legal theories in one suit. If that plaintiff loses that suit on the merits (that is, a final judgment dismissing the plaintiff's claims with prejudice), he is barred from filing any other suit before any court regarding the same, or substantially same, events.

The court concludes that Fifth Circuit law mandates that the instant motion to dismiss under Rule 12(b)(6) be granted because, given the doctrine of *res judicata* applied to the facts of Turner I and II, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

Finally, the court notes that the plaintiff has demonstrated clearly vexatious behavior with regard to his filings in this suit, prohibited by Federal Rule of Civil Procedure 11(b)(1)[2], and his personal correspondence via emails to defense counsel. This Final Judgment puts an end to this case with regard to this court. The only legal remedy left to the plaintiff regarding the events about which he complains is to appeal this Final Judgment to the United States Court of Appeals for the Fifth Circuit. Pursuant to Federal Rule of Appellate Procedure 4(1)(A), "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment ... is entered."

---

[2] Federal Rule of Civil Procedure 11(b)(1) provides in pertinent part: "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an ... unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ...."

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss [23-1] is **GRANTED**;

(2) The plaintiff's claims as to all defendants are **DISMISSED WITH PREJUDICE**;

(3) The plaintiff shall file no further pleadings in this matter before this court without prior permission by this court which he may seek via letter. Furthermore, other than permissible contact in conjunction with an appeal to the Fifth Circuit Court of Appeals, if any, the plaintiff is to have no further contact with defense counsel without prior permission by the court. In the event the plaintiff violates this ruling, the court will order the plaintiff to show cause why he should not be held in civil contempt of court.

**SO ORDERED** this the 7th day of March, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE